UNITED STATES COURT OF APPEALS
**Filed 8/12/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

JAMES B. KIMBALL,

      Defendant-Appellant..

No. 96-3108
(D.C. No. 93-10063-01)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Mr. Kimball, appearing pro se, seeks leave to proceed in forma pauperis and appeal the district court's denial of his motion for a new trial. Because Mr. Kimball is a prisoner and his motion for leave to proceed without prepayment of fees was filed June 13, 1996, he is required to pay an initial partial filing fee and subsequent installments in accordance with 28 U.S.C. § 1915(b)(1). The "Statement of Institutional Account"

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

contained in Mr. Kimball's motion certifies that Mr. Kimball has 72 cents in drawable funds and his financial declaration reveals no other assets. 28 U.S.C. § 1915(b)(4) provides that a prisoner may not be prohibited from appealing a criminal judgment because he "has no assets and no means to pay the initial partial filing fee." On this basis, we grant Mr. Kimball's motion to proceed in forma pauperis.

Mr. Kimball's conviction for bank robbery was affirmed on appeal. See United States v. Kimball, 73 F.3d 269 (10th Cir. 1995). The district court did not abuse its discretion in denying the motion for a new trial. See United States v. Page, 828 F.2d 1476, 1478 (10th Cir.), cert. denied, 484 U.S. 989 (1987). The inmate's statement advanced by Mr. Kimball in support of his motion for a new trial is not exculpatory, nor would it probably have produced an acquittal. See United States v. Chatman, 994 F.2d 1510, 1518 (10th Cir.), cert denied, 114 S. Ct. 230 (1993).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge